PATTERSON v. PRESSLEY, SHERIFF.

BASTARDY.—*Trial by Justice, after Escape of Defendant, and by Circuit Court, without Notice, Summons or Appearance.—Illegal Judgment of Commitment.—Habeas Corpus*—The defendant in a prosecution for bastardy escaped from the constable who had arrested him, before the warrant had been returned ; whereupon the justice, without any appearance by the defendant tried the cause and certified it up to the circuit court, where, without the issuance of any summons, warrant or notice, and without any appearance by the defendant, except specially to move to dismiss the cause, the court defaulted the defendant, tried the cause, found the defendant guilty, assessed a recovery for the maintenance of the child, and ordered, that, on failure of the defendant to replevy the judgment, a warrant be issued by the clerk, to the sheriff, for his arrest and commitment.

*Held*, on a special finding of the foregoing facts, made on a petition by the defendant, against the sheriff, for release from commitment on such warrant, that the judgment was unlawful and the commitment illegal.

From the Marion Superior Court.

*F. J. Mattler, J. S. Campbell, J. Hanna, F. Knefler* and *J. S. Berryhill,* for appellant.

*W. W. Woollen, Jr.,* for appellee.

SCOTT, J.—Petition to be released from jail by Patterson, against Pressley, who was the sheriff ·of· Marion county.

The judge who heard the cause, at the request of the petitioner, made a special finding of facts, and stated his conclusion of law thereon. The conclusion of law having been against the petitioner's right to be ·discharged from prison, he excepted thereto. His motion for a new trial having been by the court overruled, and his exception entered thereto, and judgment having been rendered on the special finding, the petitioner appealed to the general term. The judgment of the special term was affirmed by the general term, and from the judgment of affirmance the petitioner prosecutes this appeal, and assigns for error:

"That said court below, in general term, erred in affirming the judgment of said court in special term."

The special finding is as follows:

" On March 13th, 1878, one Angeline Day filed before Luke Walpole, a justice of the peace in and for Centre Township, Marion County, Indiana, her verified complaint against the petitioner, Charles W. Patterson, charging him with being the father of a bastard child, of which she claimed to have been delivered on January 15th, 1878. On the said 13th day of March, 1878, a warrant was duly issued by said justice to a constable of said township, who, on March 14th, 1878, returned that he had served the same by arresting the defendant, the petitioner herein, but that he had escaped while under arrest. The said justice, on May 24th, 1878, proceeded to try the case in the absence of the petitioner herein, and found the complaint to be true, and certified the same to the Marion Civil Circuit Court. The cause was duly docketed in the said Marion Civil Circuit Court, and the petitioner, on December 4th, 1878, having entered a special appearance

for that purpose only, filed his motion, in the words and figures following, to wit:

" 'Now comes Francis J. Mattler, an attorney of this court, and enters a special appearance, for the purpose of moving to set aside the service in this case, and for the further purpose of moving the court to strike the case from the trial docket, and moving the court to dismiss this cause, for the reason that the same is not properly in this court, so as to enable this court to take jurisdiction of the cause and parties.'

" The circuit court overruled petitioner's motion, and proceeded to try the cause, and on the 6th day of December, 1878, rendered judgment against the petitioner, in the words and figures following, to wit:

" ' State, ex rel. Angeline Day, ⎫
        *v.*                      ⎬ No. 21.   Bastardy. ·
    Charles W. Patterson.        ⎭

" ' Comes now the relatrix, in person and by counsel, and the defendant, although three times loudly called, comes not, but herein wholly makes default, and this cause is now submitted to the court for trial and finding, without the intervention of a jury, and the evidence adduced being heard, and the court, being fully advised in the premises, finds that the matters and things alleged in the complaint are true; that the plaintiff was, on the 15th day of January, 1878, delivered of a bastard child; that said child is still living; and that the defendant, Charles W. Patterson, is the father of said child; and that the relatrix was at the time and now is a resident of Marion county, Indiana.   It is therefore considered by the court that the relatrix recover of the defendant, Charles W. Patterson, the sum of five hundred dollars, together with her costs in this behalf expended, taxed at —— dollars, all to be collected without relief from valuation or appraisement laws; said judgment to be paid as follows: One hundred dollars on the first day

Patterson *v*. Pressley, Sheriff.

of January, 1879, and one hundred dollars per annum thereafter on the first day of January in each year, until the whole of said judgment shall be fully paid and satisfied, and that said Charles W. Patterson stand committed to the jail of Marion county, Indiana, until said judgment and costs be paid or replevied, and in case said judgment is replevied by good and sufficient securities, to be approved according to law, that the same shall be paid in installments as above provided ; and the clerk of this court is directed to issue a warrant to the sheriff of Marion county, commanding him to arrest and hold in custody said defendant until he fully complies with the judgment. herein.'

" Pursuant to said judgment, a warrant was duly issued by the clerk of the said Marion Civil Circuit Court, to the sheriff of Marion county, on December the 7th, 1878, but the petitioner, having appealed from said judgment to the Supreme Court of Indiana, said last named court, on Feb. 21st, 1879, ordered a supersedeas upon the petitioner's filing an appeal bond, which he afterward did, with surety to the approval of the said circuit court, and on Feb. 22d, 1879, the sheriff returned the said warrant. On January 27th, 1880, the petitioner's said appeal was dismissed by the Supreme Court.

"Afterward, on March 30th, 1880, the clerk of the Marion Civil Circuit Court issued, as and for a warrant, a duly certified copy of said judgment of the said court, and placed the same in the hands of the defendant as sheriff of said Marion county, who, on the same day, by virtue thereof, arrested the petitioner and now detains him in custody in the county jail of Marion county. Said certified copy, or warrant, was issued upon the præcipe of the attorney for the relatrix in the bastardy proceeding, and not pursuant to any new or further order of the said circuit court, made after judgment.

" The petitioner was never notified, by summons or publication, of the pendency of the proceedings against him in the Marion Civil Circuit Court, nor was any warrant or other writ issued ·or served upon him during the pendency of said proceedings and before final judgment therein, nor was he in custody of said court or any of its officers, nor had he given bail or recognizance to said court or any of its officers for his appearance at any time during the pendency of said proceedings and before final judgment; nor did he ever appear to said proceedings at any time, or for any purpose, in person or by attorney, except specially by attorney, for the purpose of filing his motion to dismiss said cause as hereinbefore stated; and, when said final judgment was rendered, said petitioner was not present in court, either in person or by attorney.

" Upon the foregoing facts, the court finds and states the following conclusions of law : First. That, upon the facts hereinbefore found, the petitioner is not entitled to be discharged from custody of defendant, as in his petition prayed."

The 15th section of the bastardy act is as follows :

" Such court shall, on such verdict and judgment, make such order as may seem just, for the securing such maintenance and education to such child, by the annual payment to such mother, or if she be dead, or an improper person to receive the same, to such other person as the court may direct, of such sums of money as may be adjudged proper, and shall render judgment for the same, specifying the terms of payment, and shall require of such defendant, if he be in custody, to replevy such judgment, by good freehold surety ; or in default thereof, shall commit such defendant to jail until such security be given."

In view of this statute, we are of opinion that the judgment of the Marion Civil Circuit Court, ordering the

appellant to be committed to jail until the judgment was replevied, was without authority, the appellant not being in custody at the time the judgment was rendered.

We are of opinion that the conclusion of law, on the special findings of facts, was erroneous.

The judgment is reversed.