No. 10,672.

## PATTERSON v. STATE, EX REL. DAY.

BASTARDY.—*Escape of Defendant.*—*Re-Arrest.*—Where a defendant in a bastardy case has been arrested and escapes, and the case certified to the circuit court, the defendant may thereafter be arrested though more than four years have elapsed since the institution of the proceedings before the justice.

SAME.—*Assignment of Error.*—*Judgment.*—*Justice of the Peace.*—*Jurisdiction.*—Where the relatrix in such case makes application to the circuit court for a warrant for the arrest of the defendant, and the defendant on appeal assigns as error that the court had no jurisdiction, because it appears upon the face of the application that proceedings were instituted more than two years after the birth of the child, such assignment can not be supported by insisting that the court had no jurisdiction, because the justice did not adjudge him to be the father of the child. An assignment of error based on one ground can not be supported by another.

PRACTICE.—*Evidence.*—*New Trial.*—Without a motion for a new trial, the action of the court in disregarding certain evidence is not presented.

From the Marion Circuit Court.

*R. B. Duncan, C. W. Smith, J. S. Duncan* and *J. R. Wilson,* for appellant.

*W. W. Woollen,* for appellee.

BEST, C.—This was a prosecution for bastardy. The appellant after his arrest escaped, and the justice, in his absence, proceeded with the trial, found the complaint to be true, and adjudged that the cause be certified to the circuit court. This was done, and thereafter the circuit court, without any notice to, or appearance by, the appellant, tried said cause, and rendered judgment against him. Nearly four years thereafter, upon the petition of the relatrix setting forth these facts, the court caused the arrest of the appellant, tried the cause anew, and again rendered judgment against him. From this judgment this appeal has been taken.

Many alleged errors have been assigned, but those only will be noticed which have been mentioned by appellant in his brief.

Patterson v. State, ex rel. Day.

The first is that the court below had no jurisdiction in the cause for the reason that the appellee, on the face of her petition, shows that the proceedings were instituted more than two years after the birth of the child. The statute provides that no prosecution shall be instituted after two years from the birth of the child, but this provision applies to the institution of proceedings before the justice, and not to such proceedings as may be necessary to arrest a defendant who has escaped after the commencement of the suit. The fact, therefore, that the appellant was not arrested for more than two years after the birth of the child, furnishes no obstacle to the maintenance of the action.

The appellant also insists that the justice did not adjudge him the father of the child, and by reason thereof the court had no jurisdiction of the cause.

No assignment of error presents this question and we express no opinion upon it. The assignment already considered was limited to the ground therein stated, and, for that reason, can not embrace this one. An alleged error upon one ground can not be supported by another.

The appellant also insists that the court upon the trial erred in disregarding the first judgment. No motion for a new trial appears in the record, and hence no such question is properly presented.

No other questions are discussed, and as the assignments mentioned can not be maintained, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the appellant's costs.