Filed June 11th, 1885.

---

No. 12,329.

## Lucas *v.* Hawkins, Sheriff.

PLEADING.—*Judgment.*—*Jurisdiction.*—In pleading the judgment of a court of general jurisdiction, it is unnecessary to aver the facts showing that the court had jurisdiction.

SAME.—*Habeas Corpus.*—*Return.*—To a writ of *habeas corpus*, a return, setting up a judgment of the circuit court, is good.

BASTARDY.—*Trial in Defendant's Absence.*—*Judgment.*—*Case Overruled.*—If a prosecution for bastardy be tried in the absence of the defendant, by reason of escape, and the finding be against him, the statute, section 986, R. S. 1881, requires that the court shall commit him to jail if he do not replevy the judgment, and he may to that end be arrested upon a bench warrant. *Patterson* v. *Pressley,* 70 Ind. 94, overruled.

From the Hamilton Circuit Court.

*F. M. Trissal,* for appellant.

*T. J. Kane* and *T. P. Davis,* for appellee.

NIBLACK, J.—On the 7th day of May, 1885, which was during the April term, 1885, of the Hamilton Circuit Court, Wiley Lucas presented to that court his petition, representing that he was restrained of his liberty and confined in the common jail of Hamilton county, by Elihu Hawkins, sheriff of that county, upon the pretence, as he was informed and believed, that he is the father of a child alleged to be illegitimate, but averring that he had not been arrested and was not then imprisoned upon any indictment, warrant, lawful

process, or valid judgment against him. Wherefore he demanded that a writ of *habeas corpus* be issued to the said Hawkins as such sheriff, and that the cause of his restraint might be inquired into with a view to his discharge from imprisonment. A writ of *habeas corpus* was accordingly issued to Hawkins, who made return that in proceedings had before a justice of the peace of Hamilton county, in a case in which the State of Indiana, on the relation of one Alice Minor, was plaintiff, and the said Wiley Lucas was defendant, the said Lucas was adjudged by the justice to be the father of the bastard child of which the relatrix was the mother, and that in default of a recognizance to appear in the circuit court he was committed to the county jail; that afterwards the said Lucas escaped from the custody of the officer having him in charge, and went at large; that thereafter at the February term, 1885, of the Hamilton Circuit Court, and in the absence of the said Lucas, a judgment was rendered as follows:

" The State of Indiana, *ex rel.* Alice Minor, *v.* Wiley Lucas. Comes now the relatrix and moves the court for a judgment upon the finding of the court, which motion is now sustained. It is therefore adjudged and decreed by the court that the plaintiff recover of the defendant the sum of six hundred dollars, payable in instalments to said relatrix, Alice Minor, for the support of the bastard child mentioned, as follows, to wit: One hundred dollars in thirty days from this date; one hundred dollars on the 10th day of February each year for five years hereafter; and said defendant is required to replevy this judgment by good freehold surety, or, in default thereof, that he stand committed to the county jail."

That after the rendition of such judgment, the Hamilton Circuit court issued a bench warrant to him, the said Hawkins, as sheriff of his county, commanding him to arrest the said Lucas and have him immediately before the court to answer the charge of bastardy preferred by the said Alice

Minor, and to abide the order of the court therein; that he Hawkins, as such sheriff, held the said Lucas in his custody under the commitment of the justice, and under the judg- ment herein above set out, as well as under the bench war- rant above referred to, awaiting the order of the court in the premises.

The petitioner thereupon filed exceptions to the sufficiency of the return, but his exceptions were not allowed. He then moved that, upon the facts stated in the return, he be dis- charged from the custody of Hawkins, and that motion was also overruled.

Error is assigned here upon the refusal of the circuit court to allow the petitioner's exceptions to the sheriff's return, and upon the overruling of his motion to be discharged from custody.

Section 979, R. S. 1881, provides that upon the arrest of a person charged with bastardy, or upon the return of the warrant for his arrest that he can not be found, the justice, before whom the complaint was filed, shall proceed to hear and determine the matters charged in the complaint. If the justice shall adjudge the defendant to be the father of the bastard child, he shall, if the defendant be in custody, re- quire him to give bond, with sureties, to appear at the next term of the circuit court of the county to further answer the complaint against him, and shall transmit such bond, to- gether with a transcript of the proceedings and other papers in the cause, to the clerk of such circuit court, and if such defendant shall fail to give bond as required, such justice shall commit him to jail until discharged by law. The cause will then stand for trial in the circuit court as a civil action. See, also, R. S. 1881, sections 981 and 983. Section 986, of the same statutes, further provides that, " If the defendant shall not have been arrested, or has escaped after arrest, such trial shall proceed in his absence; and if he be adjudged the father of such child, the justice shall transmit the papers and a transcript of such judgment, without delay, to the clerk of

Lucas *v.* Hawkins, Sheriff.

the circuit court of the proper county, who shall file and docket the same for trial; and such cause shall be heard and determined by such court in the same manner as if such defendant were present." Section 992 defines the kind of judgment which the circuit court shall render in case the verdict or finding shall be against the defendant, and directs that if the defendant shall fail to pay or replevy such judgment, he shall be committed to the jail of the county to await the further action of the circuit court.

It is claimed, on behalf of the petitioner, that the return of Hawkins, the respondent, was defective, in not averring that the justice, before whom the proceedings in this case were commenced, had transmitted a transcript of the proceedings taken before him, and other papers in the cause, to the clerk of the circuit court, and that there was a trial and finding against the petitioner in that court, upon which the judgment set out might have been properly rendered; that these were jurisdictional facts necessary to the validity of the judgment in question, and hence ought to have been shown affirmatively by the respondent's return; that in the absence of such a showing the presumption was against the jurisdiction of the circuit court to render such a judgment, and that for that reason the petitioner was entitled to his discharge upon the facts alleged in the return. But the authorities do not sustain the doctrine contended for. Hurd on Habeas Corpus, at page 366, states the rule as applicable to the presumptive validity of legal proceedings in courts of general jurisdiction as follows: " If the record is silent as to the jurisdictional facts, they will be presumed to have been duly established; but such presumption may be rebutted by extrinsic evidence," requiring only that jurisdictional facts shall be affirmatively shown in support of judgments of courts of inferior jurisdiction.

Church on Habeas Corpus, at section 267, states the same rule in these words: " Superior courts are presumed to act by right, and not by wrong, and their acts and judgments are

consequently self-sustaining and conclusive, unless plainly beyond the jurisdiction of the tribunals from whence they emanate," and then quotes with approval from the old case of *Peacock* v. *Bell and Kendal*, 1 Saunders, 73, the statement that "nothing shall be intended to be out of the jurisdiction of a superior court but that which specially appears to be so ; and on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is so expressly alleged." The same doctrine is announced and approved by this court by the recent case of *Smith* v. *Hess*, 91 Ind. 424, and is too well recognized to require an elaborate citation of authorities to maintain it.

The necessary inference at the hearing of this case, therefore, was that the Hamilton Circuit Court had jurisdiction to render the judgment made a part of the sheriff's return.

It is insisted, nevertheless, upon the authority of the case of *Patterson* v. *Pressley*, 70 Ind. 94, that the circuit court had no power to order the petitioner to be committed to jail, in default of either paying or replevying the judgment, when he was not present and in custody at the time the judgment was rendered.

When literally construed, the interpretation thus placed upon the case of *Patterson* v. *Pressley, supra,* is not, perhaps, an unreasonable interpretation, but it is obvious that when that cause was considered, the attention of this court was not called to section 986, herein above set out. If it had been, a different conclusion would probably have been reached. At all events, upon a reconsideration of that case we do not feel justified either in approving or following it. Taking that section, in connection with all the other sections of the statute having relation to prosecutions for bastardy, the inference appears to us to be plain that, upon a verdict or finding against him, a circuit court may render the same kind of a judgment against a defendant in a prosecution for bastardy, when he is absent upon an escape, as it may do when he is in custody, and may then bring him into court upon a bench warrant as

a means of requiring him to abide by, and perform, the judgment against him.

The judgment appealed from is affirmed, with costs.

Filed May 25, 1885.