Moyer, Guardian, v. Bucks.

---

No. 460.

## MOYER, GUARDIAN, v. BUCKS.

JUDGMENT.—*Against Person.—When Void.—Jurisdiction.*—As a general rule, a personal judgment is absolutely void where it appears upon its face that the court had no jurisdiction either of the person or the subject-matter.

BASTARDY.—*Notice by Publication.—Personal Judgment.*—A personal judgment can not be rendered in a bastardy proceeding against a defendant who has not been arrested or in custody, and upon whom no process has been served except notice by publication, even though he be a resident of the State, but temporarily absent therefrom. The statutes of this State nowhere provide for notice by publication in bastardy cases. The process must be either by a warrant or *capias.*

From the Tippecanoe Circuit Court.

*J. D. Gougar* and *R. P. Davidson*, for appellant.

*J. B. Milner* and *C. E. Lake*, for appellee.

REINHARD, J.—The appellant is the guardian of his son,

Dennis, a minor, who, until the fall of 1887, was a resident of Tippecanoe county, when it is claimed he left the State and became a non-resident.   It appears that after Dennis left the State, on January 10th, 1888, the appellee instituted bastardy proceedings against him before a justice of the peace. The warrant that was issued for his arrest was returned "Not found," and the justice proceeded with the trial under the statute.   He found that Dennis was the father of the appellee's bastard child, and certified the record to the circuit court, where, on the 18th of May following, an affidavit was filed that the defendant was a resident of the State, but had departed therefrom with the intention of avoiding the service of the process, and that his whereabouts was unknown. Notice by publication having been made, the defendant was defaulted, and a personal judgment rendered against him for $500 on the 5th of October, 1888.

This action is a suit upon that judgment, and was brought against the appellant as guardian of said Dennis, to obtain satisfaction of the judgment out of the assets in his hands for said ward.   The complaint is in one paragraph.

The appellant demurred to the complaint.   The demurrer was overruled, and the appellant answered in four paragraphs, the third and fourth of which set up the facts above stated at length, and with the additional averments that the ward owned no property in the State of Indiana other than that in the hands of the guardian, which consisted of money, and that no attachment or other proceedings had been instituted against said ward except the bastardy proceedings referred to.

A demurrer was sustained to each of these paragraphs.

The cause was submitted for trial to the court, and there was a finding in favor of the appellee, upon which, over appellant's motion for a new trial, judgment was rendered.

Errors are assigned :

1. For overruling the demurrer to the complaint.

2. For sustaining the demurrer to the third paragraph of the answer.

3. For sustaining the demurrer to the fourth paragraph of the answer.

4. For overruling the motion for a new trial.

The motion for a new trial challenges the sufficiency of the evidence to sustain the finding.

The principal question thus presented by the record is whether a personal judgment in a bastardy proceeding is, or is not, void where the record shows on its face that the only service had upon the defendant was notice by publication.

The appellee's counsel, in their brief, say : "As we conceive it, the question is, can a personal judgment be rendered against a citizen of this State who has left the State to avoid the service of process ? The affidavit for publication states that Dennis Moyer, the ward, is a resident of the State. The notice treats him as a non-resident ; so does the order of court. We submit that the affidavit characterizes the proceedings and is the basis of it, and, under the statute, though the subsequent proceedings are irregular, some notice was given, and it is sufficient."

Looking at the case, then, from the view most favorable to the appellee, the question still remains, may a personal judgment be rendered in a bastardy proceeding against a defendant who has not been arrested or in custody, and upon whom no process has been served except notice by publication, even though he be a resident of the State, but temporarily absent therefrom?

This question, we do not hesitate to say, must be decided adversely to the claims of the appellee.

We are not unmindful of the rule that where notice is given by publication the judgment of the court that the publication and affidavit upon which it is based are sufficient to give it jurisdiction, is conclusive upon all the parties, as against a collateral attack. *Essig* v. *Lower*, 120 Ind. 239 ; *Goodell* v. *Starr*, 127 Ind. 198.

But it must be evident that this rule by no means keeps a personal judgment from being void which has been rendered upon no other notice than by publication.

In *Jackson* v. *State, etc.*, 104 Ind. 516, the rule was expressed as follows : " If there be a notice or publication, or whatever of this nature the law requires in reference to persons or other matters, its sufficiency can not be questioned collaterally." And further on the court says: " It has long been the rule in this State, that where a court is required to determine whether facts essential to jurisdiction exist, a judgment that they do exist will be conclusive as against a collateral attack."

But what was it the law required the court to determine in those cases, with reference to the notice ? By an examination of those cases it will be found that the proceedings there were *in rem*, and no other kind of judgments was sought or obtained. The only fact essential for the court to determine in reference to its jurisdiction was whether the notice and affidavit were sufficient in order to make valid a judgment *in rem*. There was no occasion to decide whether such notice and affidavit would have been sufficient to warrant a personal judgment. The point was decided, however, in *Quarl* v. *Abbett*, 102 Ind. 233.

Where there is no statute authorizing notice by publication, it is doubtful whether it is good even as the basis of a judgment *in rem*, and certainly it could not be claimed successfully that it will authorize a personal judgment, in the absence of a special statute to that effect.

Where a personal judgment is sought it devolves upon the court, as preliminary to the hearing, to determine whether personal service has been had. If it determines this question in the affirmative, and it appears that *some* personal service was in fact had, the judgment, however irregular or voidable, is not void, and will be sufficient to withstand any collateral attack.

As a general rule, a personal judgment is absolutely void

where it appears upon its face that the court had no juris-diction either of the person or the subject-matter. *Louis-ville, etc., R. W. Co.* v. *Hubbard,* 116 Ind. 193; *Kingman* v. *Paulson,* 126 Ind. 507; *Quarl* v. *Abbett, supra;* *Curtis* v. *Gooding,* 99 Ind. 45.

Ordinarily, in civil actions, where there is no appearance for the defendant, a summons and service thereof is neces-sary in order to give the court jurisdiction of the person of the defendant so that it may render a personal judgment. While a bastardy proceeding is in some sense a civil action, the process required there is a *capias* or warrant. *Morris* v. *State, ex rel.,* 115 Ind. 282.

Where a defendant in such a proceeding has been once ar-rested on a warrant, and escapes, and then the cause is certi-fied to the circuit court under the statute, it seems that the trial may proceed in his absence, and he may thereafter be arrested again, and be compelled to comply with the court's orders. *Patterson* v. *State, ex rel.,* 91 Ind. 364; *Lucas* v. *Hawkins,* 102 Ind. 64, overruling *Patterson* v. *Pressley,* 70 Ind. 94.

But we know of no law authorizing any kind of legal pro-ceeding against any one without some process, and upon every principle underlying our system of jurisprudence such a proceeding would be a nullity. In this State the process required is usually prescribed by the statute.

The pertinent inquiry for us to make, therefore, is, what sort of process has the statute provided in such cases, and has the statutory provision been complied with?

We have already seen that the kind of process which the statute requires is a warrant or *capias.* *Morris* v. *State, supra.*

The statute nowhere provides for notice by publication in bastardy cases. Freeman says that "A publication made in the absence of any law authorizing it, is the same in effect as no publication. A judgment based upon it is void." Freeman Judg. 127.

But even if this is not so, and even if there were a statute

expressly authorizing notice by publication in bastardy cases, as was once the case, we apprehend snch statute would be applicable only to such portion of the proceedings as might be considered strictly *in rem.* Such notice might be sufficient to authorize the court in the absence of the defendant to fix the status of the parties, determine the paternity of the child, etc. ; but as to that we of course decide nothing. The action of the court goes no further than that. No personal judgment could be rendered on such notice, even if the defendant were a resident of the State and temporarily absent. The statute itself forbids it. Section 390, R. S. 1881; *Mitchell* v. *Gray*, 18 Ind. 123 ; *Sowders* v. *Edmunds*, 76 Ind. 123 ; *Middleworth* v. *McDowell*, 49 Ind. 386 ; *Lytle* v. *Lytle*, 48 Ind. 200.

And it has been repeatedly decided that a judgment *in rem* can not become the foundation of another action. *Henrie* v. *Sweasey*, 5 Blackf. 335 ; *Roose* v. *McDonald*, 23 Ind. 157 ; *Lipperd* v. *Edwards*, 39 Ind. 165.

We are referred to the case of *Davidson* v. *State, ex rel.*, 62 Ind. 276, as relied upon by the court below to support its decision. In that case, however, the question of the validity of a personal judgment rendered upon constructive service was not before the court.

There the proceeding had been instituted before a justice of the peace. A warrant had been issued for the defendant and returned "Not found." The justice proceeded to hear the case in the absence of the defendant, and found that he was the father of the bastard child. He certified the case to the circuit court. At the next term of that court an affidavit of non-residence was filed and notice by publication had. At a succeeding term of the court the cause was tried on default of the defendant, and a finding was made that he was the father of the child; and the cause was continued without fixing the amount the defendant was to pay, or rendering any judgment against said defendant whatever. Shortly afterward a warrant was issued, upon which the defendant

was arrested and gave bail for his appearance at the next term of court, when he appeared and moved to set aside the default, which motion the court overruled. After a motion in arrest had been made and overruled, the court rendered final judgment on the default and finding previously entered. The only question was whether the default was legal, for up to that time no judgment had been rendered. The court held that it was, but it was not called upon to decide, and did not decide, that a personal judgment upon such finding alone was valid, because no judgment had been rendered prior to the appearance of the defendant. Possibly the notice of publication might have been sufficient under the statute to authorize the court to proceed in the defendant's absence and determine the status of the parties, but it did not authorize the rendition of any personal judgment, nor did the court so decide. The case is therefore no authority by which we feel bound.

A few other cases of an earlier date would seem to intimate that a defendant in a bastardy proceeding might be properly served with notice by publication. *Melton* v. *State, ex rel.*, 9 Ind. 452; *Hunter* v. *State, ex rel.*, 6 Blackf. 383. However, what validity should be given to a personal judgment which has been rendered upon such notice only, is not determined by any of those cases, as they turned upon other questions not here involved.

The appellee cites *Beard* v. *Beard*, 21 Ind. 321, as an authority that a personal judgment on a notice by publication may be rendered against a resident of the State who is temporarily absent. But we do not regard that case as determining the question before us, and if counsel will examine it carefully they will find that the court even there declare that, in the absence of a statute, a constructive service upon a resident of the State while absent is void, and that he should be served by copy of the summons at his last usual place of residence.

VOL. 2.—37

Whatever the court intimates there as to the power of the Legislature to make a law which would make notice by publication effective is without controlling force here, as it has not been attempted to make such a law for such cases as the one we are now considering.

From what has been said it will be apparent that we regard the rulings of the court as erroneous. There was no legal evidence to sustain its finding and judgment, and the motion for a new trial should have been sustained.

The court erred, also, we think, in sustaining the demurrer to the third and fourth paragraphs of the answer.

Judgment reversed, with instructions to the court below to proceed in accordance with this decision.

Filed Oct. 29, 1891.