HOGG ET AL. *v.* PETERSON ET AL.

[No. 30,489. Filed May 28, 1964. Rehearing denied
July 7, 1964.]

*Marcellus B. Meyer,* of Michigan City, for appellants.

*Orville W. Nichols, Jr.,* and *Nichols & Nichols,* of Knox, for appellees.

LANDIS, J.—This is an appeal from an adverse judgment in a habeas corpus action in which appellants were seeking the possession and custody of two minor children.

Appellants, the natural parents of said children, in March of 1955, were arrested in Starke County, Indiana, for second degree burglary and placed in the Starke County jail. Their three minor children, aged three years, two and one-half years, and two months, were placed in the care and custody of Mary Pitts, the paternal grandmother. While appellants were in jail, at the request of said grandmother, on April 13, 1955, the Starke County department of public welfare filed a petition for emergency wardship of said children which was granted that day. On April 29, 1955, after appellants had refused to consent to the adoption of said children, the welfare department filed a petition for permanent wardship of said children and summons was issued to appellants. At the hearing on May 2, 1955, the court ordered the children made permanent wards of the Starke County department of public welfare. It further appears at such hearing the judge informed appellants they would be permitted to regain custody of their children when released from prison. It was also directed that the children be placed for adoption by the welfare department.

On April 22, 1955, prior to the wardship hearing, appellants entered pleas of guilty to second degree burglary and were sentenced to prison terms of two (2) to five (5) years. Both appellants served their sentences

and after being granted parole were fully discharged from their sentence for said crimes.

On September 15, 1956, the Starke Circuit Court in cause No. 672, without notice to appellants, who were in prison, made an order for the adoption of Imogene and Charles Hogg, the two older children, to Sheldon and Martha Peterson, appellees.

Thereafter on June 16, 1960, in cause No. 633, being the cause in which the wardship of the children was granted to the Starke County welfare department, appellants filed petition to set aside the judgment of wardship and on said day without any notice to the welfare department, the court set aside the judgment granting wardship to the welfare department as being void.

Also on the same day in cause No. 672, being the cause in which the court had previously granted the adoption to appellees of the two children in controversy, appellants filed petition to set aside the order of adoption and on said same day without any notice to appellees, the court set aside the judgment of adoption as being void.

Thereafter on September 9, 1960, appellants filed their petition for writ of habeas corpus in the Circuit Court of Porter County, Indiana, in which county said two older children were living with appellees. The court on March 27, 1961, after a trial, rendered judgment in favor of appellees. This appeal followed the overruling of the motion for new trial.

Appellants contend that the judgment of the Starke Circuit Court entered on May 2, 1955, in cause No. 633, making appellants' children wards of the welfare department was void as it was entered without jurisdiction and that the Starke Circuit Court could there-

fore properly on June 16, 1960, upon appellants' ex parte petition set aside said prior judgment of 1955.

Appellants further assert that the decision of the Porter Circuit Court awarding the children to appellees was contrary to law as said court was bound by the Starke Circuit Court's order of June 16, 1960, declaring without notice its prior judgment of May 2, 1955 (which had made the children wards of the court and directed their adoption), to be illegal and void.

Whether the Starke Circuit Court in 1960 could without notice have set aside its judgment of 1955, depends upon whether the 1955 judgment was absolutely void. Appellants contend it was, and rely on the case of *Shupe* v. *Bell et al.* (1957), 127 Ind. App. 292, 297, 141 N. E. 2d 351, 354, in which the Appellate Court reversed a judgment on appeal on the ground that under Burns' §9-3208 (1956 Repl.)[1], a proceeding to have a child adjudged to be dependent, neglected, or delinquent must be filed by the probation officer and not the welfare department.

We do not believe, however, that the 1955 judgment can be considered to be absolutely void in this case. The Shupe case does not appear to have come before this Court on petition to transfer, and in our judgment some of the language in that opinion is entirely too broad.

Proceedings in juvenile matters while in the nature of civil proceedings are of a summary character and frequently held in chambers. We do not believe that a statute authorizing the filing of a petition in such informal proceedings by the probation officer should necessarily be construed to be jurisdic-

---

1. Acts 1945, ch. 356, §8, p. 1724.

tional and to forbid the filing of a petition by anyone else. It is more logical to consider such requirements as merely directory and that errors with reference to such matters are waived unless seasonably brought to the attention of the trial court. Here both appellants were present in court at the time of the 1955 hearing and the failure to object waived any question as to whether the proceeding should have been brought by the welfare department rather than the probation officer.

It further appears in the cited case that after the Appellate Court opinion was handed down the legislature amended the statute to provide that the petition could also be filed by the county welfare department. Also, in the Shupe case the alleged error in this respect was pointed out on appeal whereas in the instant case no appeal whatever was taken from the 1955 judgment.

There can be no question but that the Starke Circuit Court as a court of general jurisdiction had jurisdiction of the subject matter and the jurisdiction of the person of the parties and therefore had authority to determine its jurisdiction in this specific case. Such determination then became res adjudicata and could only be attacked by direct appeal and not collaterally. See: *State* v. *Wenzel* (1881), 77 Ind. 428, 436; *Bruce* v. *Osgood* (1900), 154 Ind. 375, 377, 56 N. E. 25, 26; 17 I. L. E., Judgments, §300, p. 366.

The subsequent purported ex parte entry and judgment of June 1960 was made long after term in another cause number and amounted to a collateral attack on the previous judgment which at the most was voidable but not absolutely void. The subsequent entry of June 1960 therefore had no validity, and the Porter Circuit Court cannot be held to have

committed error in failing to follow it in the habeas corpus proceeding below. The cases cited by appellants as to the lack of authority of one court to inquire into the legality or validity of a judgment of another court of co-ordinate jurisdiction[2] do not apply to cases where the judgment of such other court was without jurisdiction.[3]

Appellant has further contended the judgment of the Starke Circuit Court of September 15, 1956, granting the adoption of the two (2) children to appellees was illegal in the absence of the consent of appellants, the natural parents, as they did not abandon or desert their children as defined by law, citing *Emmons* v. *Dinelli* (1956), 235 Ind. 249, 133 N. E. 2d 56. Burns' §3-120 (1946 Repl.),[4] provides:

> "If such child have parent or parents living, he, she or they shall consent in writing to such adoption. . . . Such consent of parent or parents may be dispensed with if such child is adjudged to have been abandoned or deserted for six [6] months or more immediately preceding the date of the filing of the petition. . . . *If the parent or parents have been legally deprived of their parental rights over such child for reasons other than economic, the written consent of such parent or parents shall not be necessary to such adoption and no notice of the pendency of such adoption proceedings to such parent or parents shall be necessary: . . .*" (Emphasis added.)

Here it appears appellants, the natural parents, were legally deprived after notice of their parental rights

---

2. *Lucas* v. *Hawkins, Sheriff* (1885), 102 Ind. 64, 67, 1 N. E. 358, 359; *Holderman* v. *Thompson, Sheriff* (1885), 105 Ind. 112, 115, 5 N. E. 175, 177.

3. *Dowd, Warden* v. *Todd* (1962), 243 Ind. 232, 235, 184 N. E. 2d 4, 5; 15 I. L. E., Habeas Corpus, §32, p. 96.

4. Acts 1941, ch. 146, §6, p. 438; 1943, ch. 40, §5, p. 89.

over said children by the order of May 2, 1955, making them wards of the court ten days after the parents' sentence to prison for burglary. This action taken by the court divesting the parents of their parental rights was obviously for reasons other than economic, and it is clear therefore that no consent of such parents to the subsequent adoption was necessary. *Emmons* v. *Dinelli* (1956), *supra,* involved solely the matter of abandonment or desertion mentioned in the statute, and did not purport to pass on the italicized portion of the statute above set forth.

Appellants have finally contended the trial court's decision refusing to grant them, as natural parents, the custody of said children from their adoptive parents, was not sustained by sufficient evidence and was contrary to law.

Here, however, substantial evidence in the record sustains the ruling of the trial court.

There was no evidence whatever but that the adoptive parents were rearing the children in a suitable and satisfactory home. They had no other children of their own and the adoptive father held steady employment. Appellees regularly attended church, were active in their parent-teachers' association, and owned their own home. They maintained and supported these children for the five (5) years prior to appellants' bringing of the habeas corpus action, and have never been known to have any difficulty with the law.

On the contrary, the background of appellants is anything but a healthy one for the rearing of children. The natural father had been convicted of vehicle taking as well as the previously mentioned burglary. He was also convicted of assault in a case in which he was charged with assault and battery with intent to commit rape

upon a sister of his present wife. He has been declared mentally incompetent and later restored to competency. He has been involved in two or three shootings. The natural mother's past history also presents an unsavory picture of immorality.

The trial court's decision was sustained by sufficient evidence and was not contrary to law. Judgment affirmed.

Achor, C. J., and Arterburn and Myers, JJ., concur. Jackson, J., dissents without opinion.

NOTE.—Reported in 198 N. E. 2d 767.