KENNETH P. SMITH *v.* STATE OF INDIANA.

[No. 1-276A12. Filed August 31, 1976. Rehearing denied October 5, 1976. Transfer denied March 31, 1977.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana, *Darrel F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *John P. Avery,* Deputy Attorney General, for appellee.

### CASE SUMMARY

LOWDERMILK, J.—Defendant-appellant, Kenneth P. Smith (Smith) appeals from a final judgment denying his Petition for Post-Conviction Relief.

We affirm.

### FACTS

On April 5, 1973, Smith, age 17, was the look-out while three of his friends held up a service station in Jeffersonville, Indiana.

At his hearing on a waiver from the juvenile court to the Clark Circuit Court, the court appointed Clark County Public Defender Robert R. Riggle to serve as pauper attorney for Smith. Riggle was again appointed to represent Smith at his arraignment where a plea of not guilty was entered to the charge of Commission of a Crime While Armed with a Deadly

Weapon.[1] On February 26, 1974, the State amended the charge to Theft,[2] at which time Smith entered a plea of guilty to the new charge.

The court accepted his plea after a thorough advisement of the constitutional rights waived by the plea, the crime charged and the possible punishment.

During this procedure Smith denied that anyone had coerced him to plead guilty or had induced his plea by threat or promise. He testified that he was satisfied with Riggle's representation.

But his testimony at the hearing on his P.C.R. petition was that he became dissatisfied with Riggle's representation after pleading guilty. Smith testified that Riggle had conferred with him only twice, both times in a courtroom.

He also testified that although he was aware of what he was doing when he pleaded guilty, the plea was a result of threats of more beatings in the jail.

Riggle testified at the P.C.R. hearing that he had conferred with Smith twice at the jail in addition to the courtroom meetings.

## ISSUES

Smith raised the following issues to the trial court:

1. Was Smith's counsel ineffective?
2. Was Smith's guilty plea knowingly and intelligently entered?
3. Was Smith's guilty plea voluntarily entered?

## DECISION

ISSUE ONE:

An indigent defendant who desires counsel must be provided with counsel, or there can be no valid conviction of the

---

1. IC 1971, 35-12-1-1 (Burns Code Ed.).
2. IC 1971, 35-17-5-3 (1) (a) (Burns Code Ed.).

defendant under the Indiana and United States Constitutions. *Knox County Council* v. *McCormick* (1940), 217 Ind. 493, 29 N.E.2d 405, 130 A.L.R. 1427.

A competent attorney must be provided for such a defendant. *State ex rel. White* v. *Hilgemann* (1941), 218 Ind. 572, 34 N.E.2d 129.

Smith had the burden to show that the number of conferences with Riggle "must have caused a situation which can fairly be described as a 'mockery of justice' which is 'shocking to the conscience' of the reviewing court." *Bucci* v. *State* (1975), 263 Ind. 376, 332 N.E.2d 94, 95. There is a strong presumption that Riggle discharged his duty fully, effectively, and completely, which presumption may only be overcome by "strong and convincing proof". *Davis* v. *State* (1975), 263 Ind. 327, 330 N.E.2d 738, 741.

Our Supreme Court has declined to draw a line between competency and incompetency of counsel. *Wilson* v. *State* (1943), 222 Ind. 63, 51 N.E.2d 848. The court also found that it would be impossible to fix guidelines as to the requisite number of hours an attorney should spend in preparation and what is adequate preparation, and instead concluded that each case stands on its own facts. *Shack* v. *State* (1967), 249 Ind. 67, 231 N.E.2d 36; *Thomas* v. *State* (1969), 251 Ind. 546, 242 N.E.2d 919. This court, in *Daniels* v. *State* (1974), 160 Ind. App. 582, 312 N.E. 2d 890, 893, held:

> "Minimal consultation with the client does not of itself render the representation merely perfunctory. Each case must be judged upon its own facts. . . ."

Smith raises only the number of visits by Riggle as the basis for his incompetency claim. He did not show that Riggle failed to obtain the information he needed in the conferences, that meetings constituted the sum total of Riggle's preparation [*Wynn* v. *State* (1976), 265 Ind. 133, 352 N.E.2d 493], that

Riggle refused to present any defense [*Bucci* v. *State, supra,* dissent by Justice DeBruler], that he failed to find a witness on Smith's behalf [*Wright* v. *State* (1969), 252 Ind. 418, 249 N.E.2d 33], or that he made less than a conscientious effort to ascertain relevant facts and law and to develop a strategy [*Thomas* v. *State, supra; Shack* v. *State, supra*].

Inasmuch as Smith bore the burden of proving ineffective representation by a preponderance of the evidence, his appeal from the court's denial of his P.C.R. petition is an appeal from a negative judgment which can be reversed only if it was contrary to law. Ind. Rules of Procedure, Post-Conviction Remedy Rule 1, § 5; *Harrison* v. *State* (1975), 166 Ind. App. 602, 337 N.E.2d 533.

The court's judgment will be reversed as contrary to law only if the evidence is without conflict and leads to only one reasonable conclusion which is contrary to the court's conclusion. *Gross* v. *State* (1975), 167 Ind. App. 318, 338 N.E.2d 663.

Considering the conflicting evidence and Smith's failure to prove any specific harm caused by the alleged inattention by Riggle, we cannot conclude that the court's judgment was contrary to law.

ISSUES TWO and THREE:

We shall consolidate our discussion of these issues, pursuant to Ind. Rules of Procedure, Appellate Rule 8.3 (A) (7).

Smith next contends that the trial court erred in not making a sufficient inquiry whether Smith understood the consequences of his plea.

The trial court conscientiously followed the mandates of IC 1971, 35-4.1-1-1-3 (Burns Code Ed.), which provides:

"The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

(a) determining that he understands the nature of the charge against him;

(b) informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

(c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(d) informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;

(e) informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby."

Smith testified both at the time of his plea and at the hearing on his P.C.R. petition that he understood what he was doing.

Therefore we conclude that the court's judgment was not contrary to law in its finding that Smith did not meet his burden of proving that he did not knowingly and intelligently enter his plea.

Smith lastly argues that his plea was not voluntary in that Smith entered the plea in order to avoid threatened further beatings by his jailers.

The court also conscientiously complied with the procedure set forth in IC 1971, 35-4.1-1-4(a) (Burns Code Ed.), which states:

"The court shall not accept a plea of guilty without first personally addressing the defendant and determining that the plea is voluntary. The court shall address the defendant and determine whether any promises, force or threats were used to obtain the plea."

Smith's responses to the court's questions were negative.

In *Dube* v. *State* (1971), 257 Ind. 398, 275 N.E.2d 7, our Supreme Court held a guilty plea should be withdrawn where

it was induced by a promise that Dube's sentence would be suspended. *Dube* differs in several respects.

Smith, like Dube, claims to have pleaded guilty to escape harassment: the former to avoid alleged beatings in jail, and the latter to prevent the harassment inflicted in prison on one who "squeals."

But Dube was misled as to the consequences of his plea. He did not understand that the judge might not follow the plea bargain agreement. Therefore his plea was not knowing and voluntary. He relied on the promise when he informed the police, for he made it clear that if he cooperated with the police his life would be in danger in prison. The trial court was not aware of the original agreement when it sentenced Dube; and the judge refused to suspend the prison sentence then he was later informed of the agreement.

In the instant case, Smith knew the consequences of his guilty plea and stated that he understood the sentencing possibilities. He made an informed, conscious and voluntary plea of guilty, perhaps knowing this would provide an escape from the alleged beatings in the jail. The trial court knew that there was a plea bargain when it sentenced Smith under the Minor Sentencing Act, with credit for time served, exactly as requested by the defense counsel.

That something has caused a plea in a "but/for" sense does not necessarily prove that the plea was coerced and invalid as an involuntary act. *Lockhart* v. *State* (1971), 257 Ind. 349, 274 N.E.2d 523, quoting from *Brady* v. *U.S.* (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747. The fear of beatings by the jail guards may have been a factor in Smith's decision to plead guilty. But there were other factors which could have reasonably led the trial court to infer that this plea was not induced by the physical threats, among which were the defendant's desire to take advantage of the lesser offense charged from the affidavit and the opportunity to be sentenced under the Minor Sentencing Act.

Therefore we cannot conclude the the trial court's judgment was contrary to law in its finding that Smith failed to prove that his plea was not voluntary. *Willoughby* v. *State* (1975), 164 Ind. App. 676, 330 N.E.2d 120.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 353 N.E.2d 470.