TIMOTHY HOWARD *v.* STATE OF INDIANA

[No. 3-1276A288. Filed March 1, 1978.]

*Patrick Brennan & Associates*, of South Bend, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Kenneth R. Stamm*, Deputy Attorney General, for appellee.

HOFFMAN, J. — Two petitions to find Timothy Howard a delinquent child were filed with supporting affidavits on April 21, 1975, and April 22, 1975, respectively, in the Starke Circuit Court. They alleged generally that appellant had broken into a home stealing three shotguns and on a separate occasion had sexually assaulted a seventeen-year-old high school girl, raping her several times in a house trailer. On the basis of these allegations and in consideration of appellant's prior juvenile records, including a probation report concerning his background history and home life, the juvenile court held a hearing in which it waived jurisdiction in favor of criminal proceedings before the Starke Circuit Court. As a result, Howard was eventually convicted of first degree burglary and rape and given a determinate sentence of one year.

On appeal Howard seeks reversal of his criminal convictions on the sole ground that they are void for lack of jurisdiction. He argues that the juvenile court failed to comply with certain statutory requirements which are necessary to its original acceptance of the delinquency petitions and therefore its subsequent waiver of jurisdiction to adult court was without effect. Howard asserts

specifically that there was no juvenile court record of the pre-petition investigation, no order by the juvenile judge directing the filing of a delinquency petition and no written prehearing report prepared by a probation officer. Howard considers each of these elements a precondition to the acceptance of jurisdiction by the juvenile court. *See, Duty v. State* (1976), 169 Ind. App. 621, 349 N.E.2d 729; *Seay v. State* (1975), 167 Ind. App. 22, 337 N.E.2d 489.

Under IC 1971, 31-5-7-7 (Burns Code Ed.), jurisdiction over juvenile matters is conferred absent a transfer from another court by the filing of a petition that the person be adjudged delinquent or dependent or neglected.

IC 1971, 31-5-7-7 (Burns Code Ed.), states in part:

"When jurisdiction shall have been obtained by the 'court' in the case of any child, such child shall continue under the jurisdiction of the court until he becomes twenty-one [21] years of age unless discharged prior thereto or is committed to a correctional or other state institution. A person subject to the jurisdiction of the juvenile court under this act [31-5-7-1 — 31-5-7-25] may be brought before it by either of the following means and no other:

(a) By petition praying that the person be adjudged delinquent or dependent or neglected;

(b) Certification and transfer from any other court * * * ."

However, it should be noted that juvenile courts in pursuing the *parens patriae* power of the State have provided guidance to wayward youths by helpful informal means short of actually involving them in the more confined formality of the judicial process as provided for by IC 1971, 31-5-7-7, *supra.*

In this context IC 1971, 31-5-7-8 (Burns Code Ed.), is considered implementive of IC 1971, 31-5-7-7, *supra,* so that when the judge of the juvenile court *does* consider the more severe posture of assuming formal jurisdiction he will have sufficient facts through his preliminary inquiry on which to make an appropriate decision.

IC 1971, 31-5-7-8, *supra,* states:

"Any person may and any peace officer shall give to the court information in his possession that there is within the county or

residing within the county, a dependent, neglected or delinquent child. Thereupon, the court shall, as far as possible, make preliminary inquiry to determine whether the interest of the public or of the child require that further action be taken. Whenever practicable such inquiry shall include a preliminary investigation of the home and environmental situation of the child, his previous history and the circumstances of the condition alleged and if the court shall determine that formal jurisdiction should be acquired, shall authorize a petition to be filed by the probation officer: Provided, That the department of public welfare of any county may file a petition with the court concerning a dependent or neglected child and request that such dependent or neglected child be made a ward of the court or a ward of the county welfare department pursuant to the laws now in effect. The proceeding shall be entitled 'In the matter of _____, a child under eighteen [18] years of age.' Such petition shall be verified and shall contain a statement of the facts constituting such dependency, neglect or delinquency as defined in this act [31-5-7-1 — 31-5-7-25] and the name, age and residence of the child, so far as known to the person filing such petition; the names and residence of his parents, guardian or custodian, if known to the petitioner, and if not known, the petitioner should so state, of such dependent, neglected or delinquent child."

This foregoing procedure contemplates that initial information in the form of a petition will be given concerning children who are potentially subject to juvenile court jurisdiction. This petition could include an affidavit specifying the circumstances of what would otherwise be a criminal offense were the child an adult. *See*, IC 1971, 31-5-7-4(1) (Burns Code Ed.). Then, on the basis of this information the juvenile court "as far as possible" must make a preliminary investigation into the child's home and environment. *Ingram v. State* (1974), 160 Ind. App. 188, 310 N.E.2d 903. Thereafter upon consideration of the evidence before it the juvenile court assumes jurisdiction by authorizing a delinquency petition to be filed by the probation officer. With the filing of the petition for delinquency, formal jurisdiction is acquired. *Summers v. State* (1967), 248 Ind. 551, 230 N.E.2d 320.

In the case at bar the juvenile court complied with these statutory requirements in a manner sufficient to assume formal jurisdiction.

Appellant's contention that there is no record of a preliminary inquiry is unjustified. Affidavits in support of the two delinquency petitions were filed which described the specific circumstances surrounding each crime. The first, sworn to by an accomplice, disclosed that on July 7, 1974, the appellant went through a garage into the side door of a house from which he retrieved three shotguns. These were later taken to a nearby service station where an attempt was made to sell them. The second affidavit describes the evening of April 20, 1975, in which a seventeen-year-old girl was forced to have various forms of sexual intercourse with the appellant. In addition to these statements there was a probation officer's report concerning Howard's family background and home life. In that document reference was made to incidents involving Howard's difficulties with his parents and thereafter with the facility of Hoosier Boys Town in Schererville, Indiana. Information was also disclosed concerning appellant's aggression towards his erstwhile girlfriend and an assault with a sabre on a customer in a gasoline station. Clearly ample evidence of a preliminary inquiry supported by the required documents is demonstrated. The juvenile court had sufficient information from which it could determine whether "further action should be taken" under the statute. *See,* IC 1971, 31-5-7-8, *supra.*

Moreover in accepting jurisdiction the juvenile court stated that it had examined the petitions and affidavits, that it had checked its own juvenile record, that it had "inquired of the probation officer in regard to Howard" and that it had conducted an investigation into his background. Under these circumstances, the absence of a written order that a petition be filed, is harmless. The petitions were accepted by leave of court and are accordingly considered to be filed for purposes of IC 1971, 31-5-7-8, *supra.* Therefore, no reversible error is demonstrated by the juvenile court's acceptance of jurisdiction.

Appellant's second contention that the record contains no written prehearing report prepared by a probation officer concerning the specific cause numbers herein, is not properly addressed to whether the juvenile court obtained subject-matter jurisdiction.

Rather it derives from the directive language in IC 1971, 33-12-2-14[1] (Burns Code Ed.).

However, since IC 1971, 33-12-2-14, *supra*, does not specify conditions precedent to the assumption of jurisdiction, error predicated on the failure to follow its requirements must be asserted at the time they were alleged to have occurred. Appellant has made no such preserving objection. The argument is therefore waived and not preserved for appeal. *Hogg v. Peterson* (1964), 245 Ind. 515, 198 N.E.2d 767.

Moreover in the case at bar a probation officer's report was filed. It included an addendum concerning appellant Howard's background and personal history. No damage to the juvenile has been shown by failure to render a second obviously repetitive report concerning the same information. One investigation report was sufficient under the circumstances herein.

Having found no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

Robertson, C.J., participating by designation, concurs.

Staton, P.J. concurs with opinion.

## CONCURRING OPINION

STATON, P.J. — I concur with the majority that the juvenile court obtained jurisdiction over Howard. When the trial judge overruled

---

1. IC 1971, 33-12-2-14 (Burns Code Ed.), provides:

"No hearing concerning delinquent children who are affected by the provisions of this act [33-12-2-1 — 33-12-2-28] shall be finally disposed of before a written prehearing investigation report, prepared by a probation officer, is presented to and considered by the hearing judge. The probation officer making the investigation shall inquire into the circumstances of the offense and shall make such investigation as is prescribed by the state probation director of the department of correction. All local and state police agencies shall be required to furnish to the probation officer such records as the probation officer may request. Where, in the opinion of the hearing court, or the investigating authority, it is desirable, the prehearing investigation may include a physical and mental examination of the child. If a child is thereafter committed to any penal or correctional institution the investigating agency making the prehearing investigation shall send a written report of its investigation to the penal or correctional institution at the time of commitment."

Howard's motion to expunge the waiver order, he stated: "I believe the defendant's argument goes more to form than to substance. In this case the defendant was well known to the court as the record shows. Therefore, it would have been a useless act to require all the technical steps which are ordinarily required. . . ."

The record clearly demonstrates that the judge "examined the petition . . . checked its own juvenile record . . .inquired of the probation officer in regard to said juvenile . . . and . . . conducted an investigation into the background of [Howard]." Under these facts which are before us in this case, I would concur in the conclusion of the majority that the statutory requirements have been sufficiently met.

NOTE—Reported at 372 N.E.2d 1237.