CHARLES JACKSON, DARRELL WHITLOCK *v.* STATE OF INDIANA

[No. 1-677A121. Filed August 7, 1978.]

*Harriette Bailey Conn*, Public Defender of Indiana, *Carr L. Darden*, Deputy Public Defender, for appellants.

*Theodore L. Sendak*, Attorney General of Indiana, *Elmer Lloyd Witmer*, Deputy Attorney General, for appellee.

LYBROOK, P.J.—Charles Jackson and Darrell Whitlock, defendants-appellants, bring this consolidated appeal following the denial of their separate Petitions for Post-Conviction Relief.

On July 21, 1975, the appellants pled guilty in the Hendricks Superior Court to the offenses of Assault and Battery with Intent to Commit a Felony (to-wit: Robbery)[1] and Attempted Escape.[2] They were sentenced to the custody of the Indiana Department of Corrections for a period of not less than one year nor more than ten years on the Assault and

---

1. IC 1971, 35-1-54-3.
2. IC 1971, 35-21-7-1.

Battery with Intent to Commit a Felony charge, and one year for the crime of Attempted Escape, sentences to run concurrently.

Whitlock filed his Petition for Post-Conviction Relief on March 24, 1976, and Jackson filed a similar petition on June 21, 1976. Following hearings on the petitions, the trial court denied both petitions and appellants subsequently filed a joint Motion to Correct Errors. From the overruling of that motion, they bring this appeal.

An appeal from the trial court's denial of a Post-Conviction Relief Petition is an appeal from a negative judgment which can be reversed only if it was contrary to law, that is, only if the evidence is without conflict and leads to only one reasonable conclusion which is opposite to that conclusion reached by the trial court. *Smith v. State* (1976), 170 Ind. App. 479, 353 N.E.2d 470. The defendant-appellant has the burden of establishing grounds for relief and must sustain that burden by a preponderance of the evidence. *Liffick v. State* (1977), 174 Ind. App. 298, 367 N.E.2d 34.

Among the issues raised by Jackson and Whitlock in their Petitions for Post-Conviction Relief and presented in their Motions to Correct Errors was whether the defendants-appellants were properly waived over from juvenile court, and thus whether the trial court had obtained jurisdiction over them. As a result of our disposition of this issue, we need not address the additional issues raised in the Motion to Correct Errors.

Certain procedural steps must be taken by the juvenile court in order to obtain original jurisdiction over a minor defendant. Failure to satisfy these requirements results in lack of jurisdiction which in turn would negate an attempted waiver of a minor defendant to adult court.

Indiana case law established the following procedures as prerequisites to valid waiver:

" 'First, the Juvenile Court must be presented with a petition requesting that the child be declared a delinquent. IC 1971, 31-5-7-7 (Burns Code Ed.). This petition may be submitted by any person requesting the court to act. Secondly, the court must conduct a preliminary investigation into the home and environmental situa-

tion of the child, his previous history and the circumstances of the condition alleged. Thirdly, the court must determine whether it will take jurisdiction. Finally, if jurisdiction is obtained, then the court must authorize the probation officer to file a formal petition of delinquency. IC 1971, 31-5-7-8 (Burns Code Ed.). Unless jurisdiction is obtained in this manner, no jurisdiction is established.' " *Duty v. State* (1976), [169] Ind. App. [621], 349 N.E.2d 729, quoting *Summers v. State* (1967), 248 Ind. 551, 230 N.E.2d 320.

In *Seay v. State* (1975), 167 Ind. App. 22, 337 N.E.2d 489, (Opinion on Petition for Rehearing, 340 N.E.2d 369), this court listed several *essential* documents to be included in the record when an appellant challenges juvenile jurisdiction; they include:    (1) the petition to have the child be found delinquent; (2) the record of the pre-petition investigation; (3) the order of the Juvenile Court directing the probation officer to file a delinquency petition; (4) the delinquency petition; (5) the request or petition for waiver; (6) the record of the waiver hearing; (7) the findings of the Juvenile Court regarding waiver; and (8) the waiver order.

The procedural requirements set forth in *Summers* and *Seay* insure that the statutory mandates of a full investigation and hearing have been accorded the child and that a conscientious determination of the question of waiver has been made. Moreover, in the absence of such a record, the court on appeal is prevented from conducting a meaningful review of the process. But see *Howard v. State* (1978), 175 Ind. App. 575, 372 N.E.2d 1237.

In this case, unlike the situation in the case of *Redding v. State* (1977), 175 Ind. App. 89, 370 N.E.2d 397, where a writ of certiorari supplied additions to the record sufficient to meet the requirements of *Seay, supra*, here, the writ of certiorari from the Court of Appeals produced only a woefully inadequate response.

In the corrected record before us, the only petitions seeking a declaration of delinquency to be found in the record were in the name of Charles Jackson. There was no copy of any pre-petition investigation of either Jackson or Whitlock, nor did the trial court set forth specific reasons for waiving the juvenile court's jurisdiction over the two appellants

beyond a summary holding that "the processes of Juvenile Court are not sufficient to properly rehabilitate respondents."[3]

It is evident that all the required procedural steps were not followed and the documents which were considered "essential" in *Seay* are not to be found in the record. Therefore, we conclude that the Circuit Court acting as a juvenile court in this matter never acquired jurisdiction over Jackson and Whitlock. The Circuit Court had no power to waive appellants to adult court, and the Superior Court did not have jurisdiction to hear the guilty pleas.

The judgment is hereby reversed and cause remanded for the purpose of setting aside the original order of the Hendricks Circuit Court waiving juvenile jurisdiction and the judgment of the Hendricks Superior Court is vacated.

Reversed and remanded.

Robertson and Lowdermilk, JJ., Concur.

NOTE—Reported at 378 N.E.2d 921.

---

3. The juvenile court's order pertained only to the counts of Robbery and Escape from Lawful Detention, as the court found it was without jurisdiction to hear the Kidnapping charge because the sentence involved was life imprisonment, thus taking the crime committed out of juvenile jurisdiction by definition of a delinquent child under IC 1971, 31-5-7-4(1) (Burns Code Ed.).