SWAIN *v.* STATE OF INDIANA.

[No. 27,026. Filed June 7, 1938. Rehearing denied
July 7, 1938.]

Elmer *Lockyear,* Theodore *Lockyear,* and Charles *J.* *Eichel,* for appellant.

Omer *S.* Jackson, Attorney-General, and Rexell *A.* Boyd, Deputy Attorney-General, for the State.

HUGHES, C. J.—The appellant was convicted of murder in the first degree in the perpetration of a robbery as charged in the indictment.

It appears from the evidence in the record that one Christ Bredenkamp owned a grocery store in the City of Evansville, Indiana; that the appellant, age 20 years, and one James Alexander, age 16 years, on the night of November 23, 1937, met and made arrangement to rob Mr. Bredenkamp; Alexander had a rifle and Swain borrowed a single barrel, twelve gauge shot gun; they went to the store, looked in and saw Mr. Bredenkamp; they then retired to a railroad track near the store and the appellant put the gun together and loaded it; they then walked back to the store and walked in; Bredenkamp was in the back of the room when they entered and Bredenkamp called to him and said, "what will you have?" Alexander said, "Stick 'em up;" Bredenkamp grabbed a butcher knife, then the appellant shot him with the shot gun which produced a large wound in his

abdomen and from which he died within a short time. It also appears from the evidence that on November 23, 1937, the appellant and Alexander were talking about Christmas money and they decided to rob Bredenkamp to secure some money and the appellant thought they ought to get as much as one hundred and sixty dollars.

The error relied upon for reversal is the overruling of the appellant's motion for a new trial and due to the fact that there are many reasons assigned in the motion we will not set them out in full, but will consider them as set forth in appellant's brief.

It is first contended by the appellant that the court erred in giving of its own motion instruction number two. This instruction is in the language of the statute and is as follows:

"Whoever in the perpetration or attempt to perpetrate a rape, arson, robbery or burglarly kills any human being, is guilty of murder in the first degree and on conviction shall suffer death." It is the theory of the appellant that the instruction failed to fully define the crime of murder in the first degree, second degree, and voluntary and involuntary manslaughter and did not inform the jury of the doctrine of included offenses. This theory can not be upheld. The statute (§10-3401 Burns 1933, §2402 Baldwin's 1934), clearly and unambiguously states that one who kills any human being in the perpetration of robbery is guilty of murder in the first degree and on conviction shall suffer death. It was charged in the indictment that the appellant while engaged in the perpetration of a robbery or the attempt killed one Christ Bredenkamp. The appellant was tried and convicted upon this charge and under the statute the conviction carried with it the sentence of death as for first degree murder and he could not have been convicted for any included offense and therefore there was

no necessity of the jury being instructed as to included offenses. Moreover, the evidence shows a killing in the perpetration of a robbery, and the statute is definite under such circumstances as to the penalty to be imposed in case of conviction.

Great stress is placed by the appellant upon the fact that sections 5 and 6 of chapter 54, Acts 1929, were repealed by chapter 81, Acts 1935. Although these sections were repealed the fact remains that the section defining the crime and the penalty to be imposed were not repealed and it remains now as it was when enacted. The repeal of the particular sections did not in our judgment effect, modify, or change the section of the statute which provides for a death penalty where one is convicted for the killing of a human being while in the perpetration of, or attempt to perpetrate a robbery. As said in the case of *Mack* v. *State* (1932), 203 Ind. 355, 369, 370, 180 N. E. 279,

"The crime of first degree murder, as defined by the second sentence (the proviso) of Section 2412. 'Whoever, . . . in the perpetration of or attempt to perpetrate a rape, arson, robbery or burglary, kills any human being, is guilty of murder in the first degree and on conviction shall suffer death.'

"Premeditation or deliberation (which distinguishes first degree murder defined in the first sentence of section 2412 Burns' Supp. 1929, from second degree murder defined in section 2415 Burns 1926) is not an element of this crime, *Cole* v. *State* (1922), 192 Ind. 29, 134 N. E. 867, neither is malice or intent to kill necessary elements of the crime, *Cole* v. *State, supra; McCutcheon* v. *State, supra*. When the facts prove the allegations of the indictment which charges the crime defined by the second sentence of section 2412, *supra,* they prove first degree murder, and where, as here, there is no evidence adduced which proves anything but murder in the per-

petration of a robbery, the court is not required to instruct the jury on second degree murder or manslaughter. . . ."

No error was committed in giving instruction number two.

The appellant objects to the giving of instruction number 11. This instruction gave the jury two forms of verdicts for their use. The first was: "We, the jury, find the defendant not guilty," and the second was: "We, the jury, find the defendant guilty of murder in the first degree in the perpetration of a robbery as charged in the indictment herein." The jury adopted the second form. The appellant objects to this form of verdict, first, because it fails to take into consideration the doctrine of included offenses. The appellant is in error in this contention and what we have hereto said upon this subject is a sufficient answer. The second objection is that the form of the verdict should have stated the punishment to be fixed. The law provides the specific penalty to be applied on such a charge as is contained in the indictment which is death. And when the jury returned the verdict that it did in the instant case, the statute, which says that in such a case the guilty one *shall suffer death,* was read into the verdict and there was only one thing left for the court to do and that was to pronounce judgment on the verdict assessing the death penalty. The cases cited by the appellant upon this proposition are not applicable.

The appellant considers his objections 14, 15, 16, and 17 under one proposition. All of the objections go to the rulings on the admission of certain evidence given by the State as to the commission of other robberies by the appellant. The State proved by the witness, James Alexander, that he and the appellant had committed other robberies a short time before the killing in the instant case. This evidence was prop-

erly admitted to show the intent and motive to rob the deceased and to rebut any evidence or inference that the killing might have been an accident. *Perkins* v. *State* (1934), 207 Ind. 119, 191 N. E. 136; *Gears* v. *State* (1931), 203 Ind. 380, 180 N. E. 585; *State* v. *King* (1922), 111 Kan. 140, 206 Pac. 883, 22 A. L. R. 1006.

The appellant further contends that he was prevented from having a fair trial due to irregularities of the proceedings of the court and abuse of discretion of the court. This proposition of the appellant is largely a repetition of questions heretofore considered. He complains that the prosecuting attorney and the court informed the prospective jurymen by questions propounded them touching their qualifications, that the appellant could be found guilty only of the offense charged in the indictment and that he could not be convicted of any lesser offense. We have heretofore considered this question and there is no merit in this contention of appellant.

Complaint is also made by the appellant that he was not properly represented by counsel at the trial of his case in the lower court. It appears from the record that one Edward Crabtree represented the appellant at the trial. In the brief of appellant it is asserted that he was the pauper attorney of Vanderburgh county; that he was busily engaged in other work prior to the trial and that he did not give sufficient attention to the instant case; that he did not properly investigate the evidence; that he did not prepare any instructions, that he failed to make proper objections to the evidence, and that he failed to tender proper forms of verdicts. All of these assertions are merely unsworn statements. There is nothing in the record to show what investigation was made by Mr. Crabtree, nor what attention he gave to the case. Whether he prepared the instructions or not is immaterial, if they were correct,

and we have failed to find any erroneous instructions as pointed out by appellant.

We have carefully read all of the evidence in the case and in our judgment all of it was properly admitted. There was little that any attorney could do for the appellant in the trial of the case. His written confession was in evidence, and, likewise, the confession of James Alexander, who was with the appellant when the crime was committed. Alexander also testified as a witness and told a straight story as to what happened and the part he took in the killing. Police officers testified as to the admissions made by the appellant and Alexander. There was no conflict of any kind in the evidence and no reason in our judgment for criticism of Mr. Crabtree. The appellant made the facts and evidence himself and then confessed to every thing he did. If it should be conceded that the appellant was poorly defended, this of itself would not justify a reversal of the case. Many defendants are poorly represented by attorneys of their own choosing, but this is no reason alone for relief. In the instant case, the evidence beyond a shadow of a doubt clearly shows that the verdict and judgment were correct. It is not a case where the evidence was close or doubtful upon any point. It was all one way and consistent with the confession of the appellant. He is in no position to contend that he was not properly represented.

The verdict and judgment are sustained by sufficient evidence and are not contrary to law.

Judgment affirmed.