Benjamin RODRIGUEZ, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 278S39.

Supreme Court of Indiana.

April 25, 1979.

Mark W. McNeely, Russell J. Sanders, III, Shelbyville, for appellant.

Theo. L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Rodriguez was charged by a Shelby County Grand Jury with the crimes of murder in the commission of a felony, commission of a felony while armed and conspiracy to commit a felony. Following a jury trial in the Shelby Superior Court, appellant was found guilty on all counts. On August 22, 1977, he was sentenced to life imprisonment for felony murder and to a term of from two to fourteen years for conspiracy. The offenses in question involve the shotgun killing on October 30, 1976, of Ernestina Garcia during an attempted robbery at Mrs. Garcia's Shelby County residence.

Five issues are presented for our review concerning: (1) the denial of appellant's motion to dismiss; (2) alleged non-compliance with the trial court's discovery order; (3) denial of appellant's motion for mistrial; (4) the refusal of appellant's tendered instructions on a lesser included offense, and, (5) the Court's refusal to instruct the jury not to consider acts occurring in Hancock County as part of a conspiracy charged in Shelby County.

I.

Count III of the Shelby County Grand Jury's indictment charged that appellant and four others conspired, while in Hancock County, to commit robbery on Ernestina Garcia. Prior to trial, appellant moved for a dismissal of this count on the ground that the Shelby County Grand Jury had no authority to indict him for a conspiracy alleged to have occurred in Hancock County. This argument is without merit.

The indictment stated, in pertinent part, as follows:

"The Grand Jurors of the County of Shelby of the State of Indiana on their oath present: That between the dates of the 28th day of October, 1976 and the 30th day of October, 1976 at the County of Hancock in the State of Indiana: BENJAMIN RODRIGUEZ, JR., did then and there unlawfully . . . unite and combine with other persons . . . for the purpose of committing a felony,

to wit: to unlawfully, feloniously and forcibly by violence and putting one Ernestina Garcia, located in Shelby County, Indiana, in fear and take, rob and steal from Ernestina Garcia United States Currency then and there in the possession of Ernestina Garcia *and that in furtherance of the conspiracy, all the conspirators came to Shelby County, Indiana on the 30th day of October, 1976 . . . to commit the aforesaid felonious act then and there."* (emphasis supplied).

Ind.Code § 35–1.1–2–5(b) (Burns 1975) states:

"In a prosecution of conspirators to a crime, all offenders may be tried in any county in which any act in furtherance of the conspiracy, including the agreement, is committed."

Venue was clearly appropriate in Shelby County thus appellant was properly charged and tried for conspiracy in that county. The motion to dismiss was correctly denied.

## II.

■ Pursuant to a pre-trial discovery order, the State was directed to turn over to defense counsel any exculpatory evidence in its possession along with all evidence of plea bargaining with any of appellant's co-conspirators. At trial, one of appellant's confederates, Jeffrey Simpson, testified for the State and against appellant. Appellant's attorney subsequently discovered that Simpson had received an assurance from the State that if he would testify against appellant he would not be imprisoned in the same facility as Rodriguez. Appellant now characterizes this "assurance" as an offer and acceptance of leniency which the State was under an affirmative duty to disclose before trial. This contention is specious.

At the outset we note that Jeffrey Simpson was convicted of first degree murder after a jury trial and was sentenced to life imprisonment for his role in the shooting of Ernestina Garcia. This conviction was recently affirmed. *See Simpson v. State,* (1978) Ind., 381 N.E.2d 1229. There is absolutely no allegation that the prosecutor agreed to dismiss any charges against Simp-

son or to recommend a reduced sentence in return for his testimony. Thus, the sole basis for appellant's claim of an undisclosed "deal" was the fact that Simpson was promised a place of confinement apart from Rodriguez. We do not believe that this is the sort of promise, reward or grant of immunity which the prosecutor is under a voluntary duty to disclose. *Compare Newman v. State,* (1975) 263 Ind. 569, 334 N.E.2d 684; *Birkla v. State,* (1975) 263 Ind. 37, 323 N.E.2d 645, *cert. denied,* (1975) 423 U.S. 853, 96 S.Ct. 99, 46 L.Ed.2d 77. Even if we were to assume that the prosecutor had a duty to disclose this information, his failure to do so would not result in reversible error unless the omitted evidence, when evaluated in the context of the entire record, created a reasonable doubt about appellant's guilt which did not otherwise exist. *See generally United States v. Agurs,* (1976) 427 U.S. 97, 112, 96 S.Ct. 2392, 2401, 49 L.Ed.2d 342, 355; *Richard v. State,* (1978) Ind., 382 N.E.2d 899, 904. The omitted evidence in the present case, if disclosed, would not have created a reasonable doubt about appellant's guilt. On the contrary, we think it clear that the disclosure of this information would probably have proven damaging to appellant's case. There is thus no error in this issue.

## III.

■ During the course of the trial, it came to the attention of the court that two of the jurors had received mysterious phone calls the previous night. These calls were described as brief and possibly intimidating. The caller did not identify himself to either juror. The trial judge interviewed the two jurors and received assurances from each that the calls had not upset them and would not influence their ultimate decision in any way. The judge then informed the entire jury about the matter and instructed them not to let the "prank" calls:

". . . interfere with your attention to the matters that transpire in this Court Room and you should specifically not let them enter into your consideration in anyway by speculating about where

they might have come from or who may have made them, at the time you deliberate."

Appellant then made a motion for mistrial which was denied.

The decision to grant or deny a mistrial is a matter committed to the trial court's discretion and is reviewable solely on the issue of abuse of discretion. *Downs v. State,* (1977) Ind., 369 N.E.2d 1079, 1080; *Bradberry v. State,* (1977) Ind., 364 N.E.2d 1183, 1187. We think that any prejudice that these calls may have caused appellant was speculative at best in light of their brevity, ambiguity and uncertainty of origin. Also, the two affected jurors expressly stated that they were in no way influenced by the calls. Finally, the trial court's admonishment was sufficient to cure whatever prejudice was suffered by appellant. *Cf. Smith v. State,* (1978) Ind., 382 N.E.2d 937, 938–39 (potential prejudice caused by bomb threat dispelled by court's admonishment); *Owen v. State,* (1978) Ind., 381 N.E.2d 1235, 1241; *Buchanan v. State,* (1976) Ind.App., 348 N.E.2d 70, 73–74.

### IV.

Appellant next claims error in the trial court's refusal of his tendered instruction which stated that involuntary manslaughter is a lesser included offense of murder. This was not error. Appellant was charged with murder during the commission of a robbery. Involuntary manslaughter is not a lesser included offense of felony murder. *Hester v. State,* (1974) 262 Ind. 284, 315 N.E.2d 351; *Swain v. State,* (1938) 214 Ind. 412, 15 N.E.2d 381; *Mack v. State,* (1932) 203 Ind. 355, 180 N.E. 279. *Cf. Blythe v. State,* (1978) Ind., 373 N.E.2d 1098, 1100. In *Witt v. State,* (1933) 205 Ind. 499, 185 N.E. 645, it was recognized that the legislature, in enacting the felony murder statute did not intend to include any lesser offenses therein. Thus, the only allowable verdicts which may be entered upon a count charging felony murder, are guilty or not guilty. See also, *Dull v. State,* (1962) 242 Ind. 633, 635–37, 180 N.E.2d 523, 524–25, *cert. denied,* 371 U.S. 902, 83 S.Ct. 206, 9 L.Ed.2d 164.

### V.

Appellant's final assignment of error concerns the trial court's refusal of his tendered instruction which would have directed the jury not to consider any facts which occurred in Hancock County as part of the conspiracy alleged in Shelby County. The asserted basis for this instruction is the same erroneous position argued by appellant in Issue I, *supra.*

The crime of conspiracy is defined in Ind. Code § 35–1–111–1 (Burns 1975) as follows: "Any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony, within or without this state; or any person or persons who shall knowingly unite with any other person or persons, body, association or combination of persons, whose object is the commission of a felony or felonies, *within or without* this state, shall, on conviction . . .." (emphasis supplied).

In view of our reasoning in Issue I, *supra,* and the express language of the conspiracy statute, appellant's tendered instruction was clearly an incorrect statement of the law and thus was properly refused.

The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.