**Aaron TACY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 382S103.**

Supreme Court of Indiana.

Sept. 6, 1983.

Rehearing Denied Nov. 18, 1983.

Susan K. Carpenter, Public Defender, Frances L. Watson, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant Aaron Tacy, a juvenile, was charged by way of four informations filed in Elkhart Superior Court after waiver from juvenile court. The first information charged him with one count of Attempted Murder. The second information charged him with Resisting Law Enforcement With a Deadly Weapon. The third information was in two counts. Count I was for Burglary of a Dwelling, and Count II was for Criminal Mischief. The fourth information charged Theft. After consolidation of the charges and dismissal of some, appellant was tried before a jury for the offenses of Attempted Murder and Theft. Shortly thereafter he was tried before the bench on the burglary charge. He was found guilty of all offenses. He was sentenced to concurrent terms of imprisonment of thirty-four (34) years, two (2) years, and twelve (12) years respectfully on each of the convictions.

The facts are these. At about 9:30 P.M. on April 9, 1980, two officers from the Elkhart County Sheriff's Department were dispatched to an Elkhart grocery store parking lot to investigate a truck. The officers found appellant sitting in the truck. While one of the officers was questioning appellant the other ran a radio check on the truck and was told it had been reported stolen. In the meantime a third officer arrived on the scene. While appellant was on the ground and the officers were attempting to handcuff him, he managed to withdraw a concealed handgun and fire two shots. One shot struck one of the officers on the shoulder but caused no injury because the officer was wearing a bulletproof vest. Appellant fled into the grocery store. One of the officers fired twice at him as he was running. Both shots struck appellant in the arm. He soon surrendered along with a juvenile companion who had been inside the store during the incident.

At appellant's trial the companion, a cousin named Alan Stamper, testified the boys had run away from home three or four days earlier. He related that during this time the boys had stolen a motorcycle and broken into a residence. They spent a total of two nights and a day in the residence consuming food and liquor they found in the house, stole some guns and other items of personal property, and vandalized the house as well. For a time they separated and Stamper stole the truck from which appellant was apprehended. They had spent all day in the grocery store parking lot on April 9, having driven there in the morning to buy cigarettes and being forced to stay because the truck would not restart.

Appellant took an interlocutory appeal to the Court of Appeals regarding the denial of his Motion to Dismiss filed in the criminal court after the juvenile court had waived jurisdiction. In this appeal the Court of Appeals in *In the Matter of Tacy*, (1981) Ind.App., 427 N.E.2d 919 (transfer denied) held the juvenile court did not fail to properly acquire jurisdiction over appellant by failing to comply with the time requirements of I.C. § 31–6–7–6(b) [Burns 1980 Repl.]. That subsection of the statute requires that if a juvenile is being held in detention and a petition alleging he is delinquent has been filed, a waiver hearing for the purpose of determining whether to waive him into a court with criminal jurisdiction must be commenced within twenty (20) working days of the filing of the petition alleging delinquency. The Court held this requirement was complied with in this case, as appellant was incorrectly identify-

ing the date on which the petition alleging delinquency was filed. *In the Matter of Tacy, supra.* The Court also held the failure to hold a detention hearing within forty-eight hours after appellant was taken into custody, as required by I.C. § 31–6–4–5(f) [Burns 1980 Repl.], was error but did not cause the juvenile court to lose jurisdiction over him. Rather, the Court held, the error only entitled appellant to be released from custody by way of a writ of habeas corpus. *Id.*

Now having been convicted in Elkhart Superior Court sitting as a court with criminal jurisdiction after waiver from the juvenile court, appellant claims the conviction may not stand because the juvenile court never properly acquired jurisdiction over him, hence there could be no waiver of jurisdiction to adult criminal court, and hence the convictions in the latter court were obtained by a court with no jurisdiction over him.

Specifically, appellant contends the juvenile court never acquired jurisdiction over him due to its alleged failure to comply with I.C. § 31–6–4–7 [Burns 1980 Repl.]. The statute states in relevant part:

"Information indicating delinquent child—Preliminary inquiry—Notice to child and parent—Recommendations and consideration by prosecutor.—(a) Any person may give an intake officer written information indicating that a child is a delinquent child. If the intake officer has reason to believe the child has committed a delinquent act, he shall make a preliminary inquiry to determine whether the interests of the public or of the child require further action.

(b) A preliminary inquiry is an informal investigation into the facts and circumstances reported to the court. Whenever practicable, it should include information on the child's background, current status, and school performance.

\* \* \* \* \* \*

(e) The intake officer shall send the prosecutor a copy of the preliminary inquiry in all cases involving allegations that the child committed an act that would be a crime if committed by an adult. The intake officer shall send to the prosecutor or the attorney for the county department a copy of the preliminary inquiry in all cases involving allegations that the child committed a delinquent act that would not be a crime if committed by an adult. He shall recommend whether to file a petition, informally adjust the case, refer the child to another agency, or dismiss the case. This referral procedure may be altered by agreement of the prosecutor and the court.

(f) The person who represents the interests of the state and who receives the preliminary inquiry and recommendations shall decide whether to request authorization to file a petition. This decision is final only as to the office of the person making it."

Appellant cites *Summers v. State,* (1967) 248 Ind. 551, 230 N.E.2d 320 (opinion on rehearing) as principal support. In that case we construed the applicable portions of the juvenile code, I.C. § 31–5–7–1 *et seq.* [Burns 1973] (repealed by Indiana Acts 1975, P.L. 296, § 9, and Indiana Acts 1978, P.L. 136, § 57). Upon seeing no evidence in the record in that case that a "preliminary inquiry" was ever conducted, as required under the statute, we held the juvenile court never acquired jurisdiction over the juvenile appellant. His subsequent conviction in criminal court after waiver to that court could not stand. In subsequent decisions of the Court of Appeals it was held the failure of the juvenile court to conduct a preliminary inquiry deprived that court of any jurisdiction over the juvenile and made the subsequent waiver of the juvenile to adult criminal court invalid. *Jackson v. State,* (1978) 177 Ind.App. 193, 378 N.E.2d 921; *Duty v. State,* (1976) 169 Ind.App. 621, 349 N.E.2d 729; *Seay v. State,* (1975) 167 Ind.App. 22, 337 N.E.2d 489; *Ingram v. State,* (1974) 160 Ind.App. 188, 310 N.E.2d 903.

■ The record in the case at bar shows the petition alleging delinquency was filed on April 18, 1980, by the Elkhart County

prosecutor. However, apparently it came to the prosecutor's attention shortly thereafter that the petition alleging delinquency cannot be filed until the juvenile court has authorized the filing of such a petition. Thus, on April 28, 1980, the prosecutor filed the request for authorization which was granted by the court on that day. This sequence of procedural events formed the basic factual background for appellant's interlocutory appeal in this case. Because the preliminary inquiry is required before the petition alleging delinquency can be filed, in the case at bar, the inquiry must have been conducted prior to April 28, 1980. *See* I.C. § 31–6–4–7.

The record in this case shows the preliminary inquiry was conducted prior to the filing of the petition alleging delinquency. In the April 28, 1980, order of the juvenile court authorizing the filing of the petition, we find the following:

"A written information signed by Elk. Co. Deputy Sheriff's Officer's heretofore filed with an Intake Officer of this Court, Rosamond E. Funk (Caseworker) and said Intake Officer's written report of preliminary inquiry are now filed and made a part of this record.

"The Court having considered the preliminary inquiry . . . ."

We hold there was no lack of jurisdiction over appellant in the juvenile court.

Appellant claims the trial court erred in admitting over his objection evidence of other crimes; namely, burglary, vandalism of the truck from which he was apprehended, and theft of a motorcycle. He cites the general rule that evidence of other criminal activity by the accused, separate and apart from the charged crimes, is inadmissible to prove the guilt of the accused. *Downer v. State,* (1982) Ind., 429 N.E.2d 953; *Parker v. State,* (1981) Ind., 425 N.E.2d 628; *Montgomery v. State,* (1980) Ind., 412 N.E.2d 793.

■ Evidence of happenings near in time and place to the charged crime is admissible to complete the telling of the story of the commission of the charged offenses, notwithstanding the fact this evidence includes testimony about uncharged offenses. *Brown v. State,* (1981) Ind., 417 N.E.2d 333; *Gross v. State,* (1977) 267 Ind. 405, 370 N.E.2d 885. We find the State's argument is persuasive. The evidence as a whole showed appellant went on a three or four day crime spree which included not only the charged offenses but the uncharged crimes as well. The other criminal activity related to the jury (and in one instance to the judge in the trial before the bench) served the purpose of completing the story behind the charged offenses and was thus admissible.

■ Appellant also claims error due to the prosecutor's reference in his opening statement to the jury to these uncharged offenses. An opening statement to the jury may relate what the State expects the evidence presented at the trial will be, including evidence of uncharged offenses. *Wilson v. State,* (1975) 263 Ind. 469, 333 N.E.2d 755.

■ Appellant claims it was error to admit evidence of a statement he made to a clerk in the grocery store to which he fled and another statement he made to a nurse at the hospital while he was recovering from the wound he suffered when apprehended. The store clerk testified that as appellant ran through the store he shouted, "I am going to blow somebody away." The nurse testified that appellant told her the incident had taught him that if he was going to shoot a policeman he should shoot him in the head and not in the chest.

Appellant asserts admission of these statements was error because their prejudicial value outweighed their probative value.

The record shows, however, appellant made no objection to admission of either of these statements at the time the witnesses who related them testified. To preserve error for appeal it is necessary an objection to the admission of evidence be made at the point in the trial when it is first offered. *Riley v. State,* (1981) Ind., 427 N.E.2d 1074; *Morgan v. State,* (1980) Ind., 400 N.E.2d 111.

Appellant claims the trial court erred in admitting evidence of a conversation between him and a deputy sheriff that occurred when the deputy was transporting appellant to the doctor. The deputy testified that appellant inquired of him as to the protective propensities of a bulletproof vest and what kind of firearm would penetrate one.

Appellant claims the testimony thus admitted constituted admission of a statement made during a custodial interrogation without the advisements as to his rights required under *Miranda v. Arizona*, (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 and its progeny.

The record clearly shows, however, it was appellant who initiated this conversation as to the propensities of bulletproof vests. The deputy testified appellant brought the subject up, and that he (the deputy) did not respond at all to appellant's first question. The deputy testified he finally answered "No" to appellant's direct query as to whether a twelve gauge shotgun loaded with 00 buckshot would penetrate a bulletproof vest and then the subject was dropped.

A wholly volunteered and unsolicited statement by the accused is not the product of a custodial interrogation such that any advisement of rights need be given. *Smith v. State,* (1981) Ind., 419 N.E.2d 743; *Chambers v. State,* (1979) Ind., 392 N.E.2d 1156. *See Rhode Island v. Innis,* (1980) 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297. There was no error in admitting this testimony.

Appellant claims the trial court erred in denying his Motion for a Mistrial. This motion was made after it was revealed to the trial judge that a female officer of the sheriff's department made derogatory comments about the appellant to one of the jurors on the elevator in the courthouse while the jury was breaking for lunch. This remark was overheard by seven other jurors. One of these seven other jurors also reported that the next morning the same officer made a similar comment to her before proceedings commenced. When the judge heard of these incidents he excused the remaining four jurors. Then he questioned each of the eight involved jurors as to whether their overhearing of these remarks would influence their ability to remain impartial. Each responded she did not feel her ability to decide the case would be affected by what had happened. Appellant's counsel then made the motion for mistrial, which was denied.

Denial of a motion for mistrial is reviewable only for abuse of discretion. *Smith v. State,* (1982) Ind., 432 N.E.2d 1363; *Rodriguez v. State,* (1979) 270 Ind. 613, 388 N.E.2d 493. Given the trial judge's questioning of each juror and their individual responses, we see no abuse of discretion in denying the motion for mistrial. Appellant asserts the judge erred in not specifically admonishing the jurors to disregard what had occurred. It is true our cases suggest such an admonishment is appropriate in instances of communications between jurors and third persons about the trial itself. *See, e.g., Rodriguez, supra; Daniels v. State,* (1976) 264 Ind. 490, 346 N.E.2d 566. However, the failure to admonish does not *per se* lead to a finding of abuse of discretion for failure to grant a mistrial. *See Daniels, supra.*

The trial court is in all things affirmed.

All Justices concur.