**Harold Dexter GOAD, II, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 82S00–8702–CR–179.

Supreme Court of Indiana.

Dec. 15, 1987.

John C. Cox, Evansville, for appellant.

Linley E. Pearson, Atty.Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant-appellant Harold Dexter Goad II directly appeals his conviction for attempted murder. Following waiver of jurisdiction by the juvenile court, a jury found defendant guilty of attempted murder and the trial court sentenced defendant to thirty years, twenty years of the sentence to be executed, ten years suspended to probation.

Defendant's brief raises three issues for review:

1) sufficiency of the evidence supporting the juvenile court's waiver of jurisdiction;

2) exclusion of psychological test results and testimony; and,

3) admissibility of photographic evidence of victim's wounds.

The defendant was charged with the attempted murder of a seven-year-old male neighbor of the defendant. On May 27, 1985, during a walk in the woods near their homes, defendant brandished a steak knife and repeatedly stabbed the victim, who fortunately survived the attack.

### Issue 1—Sufficiency

Defendant first challenges the sufficiency of evidence supporting the trial court's ruling waiving jurisdiction of the trial court and subjecting the defendant to prosecution as an adult.

The waiver of jurisdiction by a juvenile court is a procedure prescribed by statute. Ind.Code § 31-6-2-4(b) provides:

Upon motion of the prosecutor and after full investigation and hearing, the juvenile court may waive jurisdiction if it finds that:

(1) The child is charged with an act:

(A) That is heinous or aggravated, with greater weight given to acts against the person than to acts against property; or

(B) That is a part of a repetitive pattern of delinquent acts, even though less serious;

(2) The child was fourteen (14) years of age or older when the act charged was allegedly committed;

(3) There is probable cause to believe that the child committed the act;

(4) The child is beyond rehabilitation under the juvenile justice system; and

(5) It is in the best interests of the safety and welfare of the community that he stand trial as an adult.

Defendant argues that insufficient evidence existed to show: 1) he was "beyond rehabilitation under the juvenile justice system;" and 2) "[i]t is in the best interests of the safety and welfare of the community that he stand trial as an adult."

When reviewing claims alleging insufficient evidence to support waiver from juvenile court, we will not weigh the evidence nor judge the credibility of witnesses. We will look only to the evidence most favorable to the State and the reasonable inferences to be drawn therefrom, considering both the record of the waiver hearing and the reasons given for the waiver by the juvenile court. *Smith v. State* (1984), Ind., 459 N.E.2d 355. We note further that because of "the general civil nature of juvenile proceedings and the fact that a waiver hearing is not an adjudicatory proceeding, the burden upon the State is to establish by a preponderance of the evidence that juvenile jurisdiction should be waived. The criminal standard of proof beyond a reasonable doubt is not applicable." *In re Tacy* (1981), Ind.App., 427 N.E.2d 919, 922, *trans. denied, later proceeding, Tacy v. State* (1983), Ind., 452 N.E.2d 977.

The juvenile court's waiver order provided as follows:

The Court having heard evidence concerning, and having taken judicial notice of all possible dispositions available to the juvenile court within the juvenile court system as set forth in [the Indiana Code]. Such dispositions having been carefully considered by the Court and the Court finds that said child is beyond rehabilitation under the regular statutory juvenile system; that such possible dispositions are not adequate in this particular case to serve the child's welfare and the best interest of public welfare and security, in that: Indiana Boys' School cannot provide adequate rehabilitation for said child because of the fact that the Indiana Boys' School is not set up for long term psychological and psychiatric counselling and/or treatment as would be available in private institutions; and/or the minimal time that he would spend in the institution, probably less than a year and probably not providing adequate treatment. Other private institutional placements, three of which were contacted by Probation Officer Gregory Combs, could provide the psychological testing, counselling and treatment but

could not provide the security necessary to protect the general public and children in said private institutions from the possibility of further serious criminal assaults.

Juvenile jurisdiction should be waived and the child held for trial under the regular procedure of a court which would have jurisdiction of such offense if committed by an adult.

(R. 186). These findings are supported by and consistent with the evidence at the waiver hearing.

In light of the aggravated and heinous nature of the instant offense, and the trial court's findings concerning defendant's potential for rehabilitation under the juvenile justice system and the best interests of the community being served by defendant's waiver to adult court, we find the evidence sufficient to support the trial court's waiver of defendant from juvenile court.

### Issue 2—Exclusion of Evidence

■ During the waiver of juvenile jurisdiction hearing, defendant sought to have his psychological expert give an opinion as to whether or not defendant was rehabilitatible. The expert's opinion was to be based on an interview conducted by the expert with defendant, and upon psychological test results which neither the State nor defense counsel had had an opportunity to review before the hearing. The State objected on the ground that consideration of the test results would be in violation of the court's pre-hearing discovery order. The court sustained the objection, but allowed the expert to give an opinion as to the defendant's potential for rehabilitation based upon the interview conducted with defendant. Defendant now asserts that the court erred in sustaining the objection and limiting his expert's testimony.

Initially, we note defendant's failure to follow Ind.R.App.P. 8.3(A)(7) concerning the alleged error. Defendant fails to cite any authority supporting his position. Furthermore, the absence of cogent argument operates as a waiver of the issue on appeal. *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, *cert. denied,* (1986), 475 U.S. 1031, 106

S.Ct. 1241, 89 L.Ed.2d 349; Ind.R.App.P. 8.3(A)(7).

Notwithstanding such waiver, we further observe that defendant failed to make an offer of proof concerning the contents of the psychological test results testimony excluded by the court. An offer to prove is necessary to enable the trial court to determine the admissibility of the testimony and the prejudice which might result if the evidence is excluded. Failure to make an offer of proof waives the issue for purposes of appellate review. *Wiseheart v. State* (1986), Ind., 491 N.E.2d 985.

### Issue 3—Admissibility of Photographic Evidence

■ In the statement of issues set forth in defendant's brief, he claims that "[t]he photographic evidence of stab was displayed in a prejudicial manner." However, defendant's failure to present and argue this issue in the argument section of his brief results in waiver of this issue. *Bieghler, supra.*

In addition, we further note that the relevancy of photographs may be determined by inquiry as to whether a witness would be permitted to verbally describe the object photographed. *Drollinger v. State* (1980), 274 Ind. 5, 408 N.E.2d 1228. The photographic evidence objected to by defendant was clearly relevant as it facilitated the jury's understanding of the nature and severity of the victim's wounds.

Judgment affirmed.

DeBRULER, GIVAN and PIVARNIK, JJ., concur.

SHEPARD, C.J., not participating.