**Stanley BALLENTINE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A03–9501–PC–4.

Court of Appeals of Indiana.

Feb. 19, 1996.

Transfer Denied April 24, 1996.

Susan K. Carpenter, Public Defender, Linda G. Nicholson, Indianapolis, for appellant.

Pamela Carter, Attorney General, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, for appellee.

**OPINION**

HOFFMAN, Judge.

Appellant-defendant Stanley Ballentine appeals from the denial of post-conviction relief following his convictions for attempted murder and attempted robbery, both Class A felonies. The facts relevant to appeal are summarized below.

On August 8, 1980, James Salisbury and Ballentine entered the Playboy Lounge in Gary to attempt a robbery. During the commission of the crime, both Salisbury and the bartender of the lounge shot each other. The bartender was wounded. Salisbury was killed.

Based on the above, Ballentine was charged with attempted murder and attempted robbery, as Class A felonies. In June 1983, Ballentine received a jury trial and was convicted of both charges. The trial court sentenced him to twenty-five years for each

count, with the sentences to be served concurrently. Thereafter, the Indiana Supreme Court affirmed his convictions in *Ballentine v. State* (1985), Ind., 480 N.E.2d 957.

In November 1989, Ballentine filed a *pro se* petition for post-conviction relief. In his petition he alleged, *inter alia*, ineffectiveness of trial and appellate counsel, errors in the information, the trial court's failure to give proper jury instructions, and a double jeopardy violation due to the trial court's consideration of the bodily injury element to elevate attempted robbery to a Class A felony. In September 1994, the trial court granted in part and denied in part Ballentine's petition.[1] This appeal ensued.

On appeal, Ballentine raises several issues for review, one of which is dispositive: whether the trial court erred in its jury instruction regarding attempted murder.

 Relying on the decision of *Smith v. State* (1984), Ind., 459 N.E.2d 355, 358 (proper attempted murder jury instruction must inform jury "the act must have been done with the specific intent to kill") and its progeny, Ballentine alleges error in the trial court's failure to instruct the jury regarding the element of intent necessary to sustain the offense of attempted murder. Prior to commission of the acts resulting in Ballentine's trial and convictions, our supreme court had found that the State must prove that a defendant possessed the intent to kill as a substantial step toward the crime of murder. *See Greer v. State* (1994), Ind., 643 N.E.2d 324, 326, citing *Zickefoose v. State* (1979), 270 Ind. 618, 388 N.E.2d 507.

 However, the *Smith* requirement for an instruction regarding the necessity of specific intent to kill to sustain a conviction for attempted murder is applicable to cases reviewed in post-conviction proceedings. *Tacy v. State* (1994), Ind.App., 641 N.E.2d 57, 59–62; *see Brown v. State* (1992), Ind.App., 587 N.E.2d 693, 699 (finding *Smith* to apply retroactively); *cf. Hill v. State* (1993), Ind., 615 N.E.2d 97, 99 (specific intent requirement applies at trial and will be applied on review of instructions on attempted murder).[2]

Here, the trial court instructed the jury that "[a] person who knowingly or intentionally kills another human being commits murder...." Further, the jury was instructed that a person acting with the culpability required for commission of the crime and who engages in conduct constituting a substantial step toward commission of the crime, attempts to commit the crime. The instructions together would allow the jury to convict Ballentine for knowingly or intentionally engaging in conduct which constitutes a substantial step toward murder. Accordingly, Ballentine's conviction for attempted murder must be reversed and remanded.[3]

In his appellate brief, Ballentine raised allegations of ineffective assistance of trial and appellate counsel directed to the improper attempted murder jury instructions. Inasmuch as the conviction for attempted murder must be reversed and remanded for a new trial, no issues of ineffective assistance of counsel remain.

Reversed and remanded.

STATON, J., concurs.

GARRARD, J., concurs with opinion.

GARRARD, Judge, concurring.

Constrained by *Greer v. State* (1994), Ind., 643 N.E.2d 324, I concur.

---

1. The post-conviction court vacated Ballentine's conviction and sentence for attempted robbery, as a Class A felony, and entered judgment for attempted robbery, as a Class B felony. The court then imposed the presumptive sentence of ten years to run concurrent to the term imposed for his attempted murder conviction. Ballentine does not allege error in this portion of the court's decision.

2. In its appellate brief, the State asks this Court to abandon the line of cases beginning with *Smith*, including *Spradlin v. State* (1991), Ind., 569 N.E.2d 948 (reiterating the rule in *Smith*). However, while the arguments are noted, we must decline the State's request inasmuch as it is not within our prerogative to abandon established law of our supreme court.

3. Although the issue of laches was raised below due to the victim's death in 1993, the State makes no argument regarding this issue on appeal; thus, it is foreclosed from review.